NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUBANY APARICIO DE LEON LOPEZ, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   15-71602 <br><br> Agency No. A201-051-234 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Hubany Aparicio De Leon Lopez, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") order denying his motion

to reconsider the denial of his prior motion to reopen removal proceedings

conducted in absentia.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen or reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying De Leon Lopez's motion to reconsider for failure to identify any error of fact or law in the IJ's prior decision denying his motion to reopen. *See* 8 C.F.R. § 1003.23(b)(2). De Leon Lopez did not show that the IJ erred in denying his underlying motion to reopen, where De Leon Lopez had not presented a copy of his notice of hearing to support his claim that it was confusing, and had not established eligibility for relief. *See* 8 U.S.C. § 1229a(e)(1); *cf. Singh v. INS*, 295 F.3d 1037, 1040 (9th Cir. 2002) (holding that petitioner established exceptional circumstances where he arrived late to his hearing based on a misunderstanding, had previously appeared at all scheduled hearings, and had "no possible reason to try to delay the hearing" because he was eligible for adjustment of status as the beneficiary of an approved visa petition). In addition, the record does not support his contention that the agency failed to consider relevant factors or evidence. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA did review the record).

15-71602

We do not reach De Leon Lopez's contentions regarding equitable tolling and ineffective assistance. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (review is limited to the actual grounds relied upon by the BIA); *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**